FILED - USDC -NH
2023 MAR 24 AM 10:18

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Case No.: 23 cv 206

(Criminal Case No.: 3:17-cr-130(MPS))

| | |
|---|---|
| SHAQUILLE RICHARDSON,  )  <br>     Petitioner,  ) <br> ) <br> v.  ) <br> ) <br> R. LUNA, WARDEN/FCI BERLIN,  ) <br>     Respondent.  ) <br> _____) | PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2241 AND MEMORANDUM OF LAW IN SUPPORT |

TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

The petition of SHAQUILLE RICHARDSON shows:

    1. Petitioner makes this application for a writ of habeas corpus on the grounds that the predicate for his 18 U.S.C. §924(c) conviction, i.e., attempted Hobbs Act robbery, is not a crime of violence under §924(c)(3)(A)'s elements clause, and his §924(c) sentence is a miscarriage of justice.

    2. Petitioner is now in the custody of the respondent at the Federal Correctional Institution in Berlin, New Hampshire.

    3. The cause or pretext of Petitioner's detention and restraint is that he used and carried a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§924(c)(1) and 2.

    4. This detention and restraint is unlawful because in light of <u>United States v. Taylor</u>, 142 S. Ct. 2015 (2022), Petitioner is actually innocent of

violating 18 U.S.C. §§924(c)(1) and 2. As noted, the predicate offense for Petitioner's §924(c) conviction is attempted Hobbs Act robbery. However, in Taylor, the Supreme Court resolved a circuit split that attempted Hobbs Act robbery does not qualify as a predicate crime of violence under §924(c)(3)(A)'s "elements clause," which "covers offenses that have as an element, the use, attempted use, or threatened use of physical force against the person or property of another." Taylor, 142 S. Ct. at 2019-21.

5. Prior to Taylor, in Johnson v. United States, 576 U.S. 591 (2015), the Supreme Court ruled that the residual clause in the definition of "violent felony" in the Armed Career Criminal Act was unconstitutionally vague. Johnson, 576 U.S. at 597-602. Then, in United States v. Davis, 139 S. Ct. 2319 (2019), the Supreme Court struck down §924(c)(3)(B)'s residual clause as unconstitutionally vague under due process and separation of powers principles. Davis, 139 S. Ct. at 2324-25, 2336.

6. In September 2019, Petitioner filed his original 28 U.S.C. §2255 motion to vacate, set aside or correct sentence, arguing, inter alia, that under Davis his offense conduct did not qualify as a crime of violence. The United States District Court for the District of Connecticut denied Petitioner's claim because it was barred by his waiver of appellate and collateral review rights and he had procedurally defaulted his challenge to his conviction and terms of imprisonment and supervised release under Davis.

7. While Petitioner did not argue that a violation of a fundamental right, i.e., Petitioner stands convicted under a statute declared retroactively unconstitutional, that claim would not have changed the result of the proceedings at the time. That is because Petitioner was convicted of attempted Hobbs Act robbery - not Hobbs Act robbery conspiracy - and neither the Supreme Court nor the Second Circuit had spoken on the issue of whether after Davis attempted Hobbs Act robbery constituted a crime of violence under §924(c). Therefore, Petitioner could not demonstrate that he stood convicted under a statute declared retroactively unconstitutional - as now - and therefore, he could not demonstrate

that a violation of a fundamental right warrants voiding his waiver - as here.

8. Petitioner has no other remedy from his unlawful detention other than this petition for a writ if habeas corpus.

9. No other application for a writ of habeas corpus have previously been made to any other court or judge.

10. The procedural background to Petitioner's case is as follows: On June 30, 2017, a grand jury returned an indictment against Petitioner, charging Hobbs Acts robbery and aiding and abetting a Hobbs Act robbery in violation of 18 U.S.C. §§1951(a) and 2 (Ct. 1) and carrying, using, brandishing, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§924(c)(1)(A) and 2 (Ct. 2). See ECF No. 5-1 at 2-3. On January 31, 2018, Petitioner pled guilty to <u>attempted</u> Hobbs Act robbery in violation of 18 U.S.C. §1951(a) and to carrying a firearm during and in relation to a crime of violence, i.e., the attempted Hobbs Act robbery, in violation of 18 U.S.C. §924(c)(1)(A). See id. at 7-8. during the plea colloquy, Petitioner denied taking anything from [the alleged victims] and, as a result the colloquy made clear that there was a factual basis only for attempted Hobbs Act robbery. See ECF No. 5-1 at 61-65, 68-70. In the plea agreement, Petitioner agreed to waive his right to appeal or collaterally attack: (1) his conviction; and (2) his sentence, under certain circumstances. On November 20, 2018, the United States District Court for the District of Connecticut sentenced Petitioner to a total effective sentence of 117 months of imprisonment, five years of supervised release, and a $200 special assessment. See ECF No. 5-1 at 20-21. Petitioner did not appeal his sentence or conviction. See ECF No. 5 at 15. As noted, on September 24, 2019, Petitioner filed his original §2255 motion.

11. Because of Petitioner's pro se status, this Court should construe his petition liberally. <u>Dutil v. Murphy,</u> 550 F.3d 154, 158 (1st Cir. 2008).

12. As noted above, Petitioner designates §2241 as the statutory basis for

3

his petition. In general a federal prisoner who challenges the validity or length of his sentence (or the conviction that lead to his sentence) must file a petition under §2255 in the sentencing court. <u>Goncalves v. Spaulding,</u> 470 F. Supp. 69, 71-72 (D. Mass. 2020). A narrow exception to the general rule applies under the savings clause, §2255(e), when §2255 "is inadequate or ineffective to test the legality of his detention." That rare situation occurs, "only when in a particular case, the configuration of section 2255 is such as to deny a convicted defendant any opportunity for judicial rectification." <u>Trenkler v. United States,</u> 536 F. 3d 85, 99 (1st Cir. 2008).

13. A petitioner may challenge the validity of his conviction through the savings clause when an intervening change in the law, which is retroactive, applies to the petitioner's case so that under the new law he is actually innocent. <u>McCormick v. Butler,</u> 977 F. 3d 521, 525 (7th Cir. 2020); see also <u>Trenkler,</u> 536 F.3d at 99 ("Most courts have required a credible allegation of actual innocence to access the savings clause."); <u>In re Dorsainvil,</u> 119 F. 3d 245, 251-252 (3d Cir. 1997) (savings clause jurisdiction exist in circumstances where intervening change in the law decriminalized conduct underlying petitioner's conviction, and he had no other opportunity to pursue his claim). In other words, the savings clause is available for petitioner's asserting statutory claims based on new binding precedent, previously unavailable to them, that narrows the scope of a criminal statute in a manner that would have rendered them not guilty of criminal conduct. See <u>Sustache-Rivera v. United States,</u> 221 F. 3d 8, 16 n.14 (1st Cir. 2000).

14. Generally, a waiver of appellate rights entered into knowingly and voluntarily is valid and thus prohibits a subsequent appeal encompassed by the waiver. See <u>United States v. Gil-Quezada,</u> 445 F. 3d 33, 36-37 (1st Cir. 2006). A court will not enforce a waiver, however, "if doing so would work a miscarriage of justice." Id. at 36 (citing <u>United States v. Teeter,</u> 257 F. 3d 14, 25 (1st Cir. 2001).

15. Here, because Petitioner's §924(c) conviction is not supported by a valid

predicate, Petitioner contends that he has made a proper showing of actual innocence. See United States v. Sweeney, No. 15-4456, 833 F. App'x 395. 397 (4th Cir. Jan. 15, 2021) ("Because Sweeney's §924(c) conviction is not supported by a valid predicate, he has made a proper showing of actual innocence."), see also Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2021) (petitioner showed actual innocence where statute of conviction was subsequently interpreted not to reach Petitioner's conduct).

16. Additionally, because prior to the United States Supreme Court decision in United States v. Taylor, 142 S. Ct. 2015 (2022), Petitioner was not able to argue that the sole predicate for his §924(c) conviction, i.e., attempted Hobbs Act robbery, is not a predicate crime of violence under §924(c)(3)(A)'s elements clause, and because Taylor does not rely on a new rule of constitutional law, Petitioner contends that he has not had an unobstructed procedural shot at presenting his actual innocence claim. Alaimalo, 645 F. 3d at 1047-48 (prisoner lacked unobstructed procedural shot where circuit precedent foreclosed his actual innocence claim when he brought his §2255 motion).

17. New rules of criminal law do not always apply retroactively on collateral review of criminal judgments. See Teague v. Lane, 109 S. Ct. 1060 (1989) (plurality opinion). "A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Whorton v. Bockting, 127 S. Ct. 1173 (2007) (internal quotation marks omitted). "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." Welch v. United States, 136 S. Ct. 1257, 1264-65 (2016) (quoting Schriro v. Summerlin, 124 S. Ct. 2519, 2524 (2004)).

18. Here, because the rule from Taylor alters "the range of conduct ... that the law punisihes" and not "only the procedures used to obtain the conviction, Petitioner contends that Taylor applies retroactively in §2241 proceedings under the escape hatch. See Alaimalo, 645 F.3 1042.

5

19. "A violation of a fundamental right warrants voiding an appeal waiver." United States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2010). Determining whether a violation is serious enough to overcome the presumption of enforceability requires the court to consider "the nature and the right at issue and whether the sentence was reached in a manner the plea agreement did not anticipate." Id. at 148 (quoting United States v. Liriano-Blanco, 510 F.3d 168, 175 (2d Cir. 2007). "[I]t is difficult to imagine a right more fundamental than the due process right implicated when a new rule changes the scope of the underlying criminal proscription... [such that] 'a defendant stands convicted of an act that the law does not make criminal.'" Leyones v. United States, 2018 U.S. Dist. LEXIS 28729, 2018 WL 1033245 (E.D.N.Y. Feb. 22, 2018). In sum, a defendant can waive **constitutional** and statutory rights, "[h]owever, there are certain rights a defendant may be deemed incapable of waiving...that [have] an overriding impact on public interest, as such a waiver may irreparably discredit the federal courts." Riggi, 649 F.3d at 148 (internal quotations and citations omitted).

20. Here, the petitioner contends that his due process right to challenge his conviction under a statute the Supreme Court has retroactively declared unconstitutional is a fundamental right that, inter alia, warrants voiding his appeal waiver. See Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) ("Petitioner's conviction and punishment on the §924(c) charge 'are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice' and 'present[s] exceptional circumstances' that justify collateral relief under [28 U.S.C. §2255." (quoting Davis v. United States, 417 U.S. 333, 346-347, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)) (brackets in original); United States v. Addonizio, 442 U.S. 178, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979) ("To have refused to vacate his sentence would surely have been a "complete miscarriage of justice," since the conviction and sentence were no longer lawful.") (quoting Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962)). In sum, Petitioner asserts that to block him from asserting this claim on purely procedural grounds would "irreparably discredit the federal courts." While the interest in the finality of criminal cases is not insignificant, "where the

conviction...is not authorized by substantive law, then finality interest are at their weakest." Welch v. United States, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016).

PRAYER

For the reasons just stated, Petitioner prays that:

A. This Court issue a writ of habeas corpus commanding R. LUNA to produce the body of Petitioner, Shaquille Richardson, before this Court at a time and place to be specified in that writ;

B. This Court conduct a hearing and inquiry into the cause of Petitioner's detention; and

C. Following the hearing, Petitioner be ordered discharged from the detention and restraint described in this application.

Dated:                                          By: _Shaquille Richardson_
                                                    Shaquille Richardson

VERIFICATION

State of New Hampshire      )
County of Coos              )

SHAQUILLE RICHARDSON, being duly sworn, deposes and states:
  1. I am the petitioner in this action.
  2. I have read the petition and every statement in it is true and correct within my personal knowledge.

I signed this verification on  3·15·23  at Berlin, New Hampshire.

7

*Authorized by Act of July 7, 1955, as amended, to administer oaths (18 U.S.C. § 4004).*

*Shaquille Richardson* (signature)
Shaquille Richardson

SUBSCRIBED AND SWORN TO BEFORE ME ON  3·15·23          .

_____
Notary Public

Notary Public in and for the State of New Hampshire.

My commission expires: _____.

Berlin, NH 03570



U.S. District Court
District of New Hampshire
55 Pleasant Street, Room 110
Concord, NH 03301-3941